DAVID AND DANIEL LAIRD v. SIMON ABRAHAMS, GARNISHEE, &c.

This court will grant a writ of *mandamus*, commanding a justice of the peace to issue an execution on a judgment rendered before him, against the defendant as garnishee of an absconding debtor, though the defendant had appealed to the Court of Common Pleas, and that court had reversed his decision or judgment in the matter.

For an appeal does not lie from the judgment of a justice of the peace, rendered by him in a case of attachment, under the 33d Section of the act, *Rev. Laws* 362.

This was an application for a *mandamus*. The following is a state of the case, agreed upon by the counsel of the parties :—

"On the 22d July 1833, John Hedden, one of the Justices of the Peace in and for the county of Monmouth, issued an attachment for twenty dollars, against John Lincoln, an absconding debtor, on the application of Daniel Laird, one of the firm of David and Daniel Laird, an affidavit according to the statute in such case made and provided, having been first filed. On the 22d July 1833, the attachment was returned, served by reading it to Simon Abrahams, in the presence of Robert Perrine, and attaching the effects, monies, rights and credits, in his hands belonging to the said John Lincoln, an absconding debtor. Benjamin Dey, Constable.

On the 24th August 1833, the plaintiffs exhibited their demand, and proceeded to trial. Isaac Ammerman was sworn on the part of the plaintiffs, the Justice gave judgment for the plaintiffs, for fifteen dollars and forty-two cents debt, and one dollar and seventy-six cents costs. On the 14th

Laird and Laird *v.* Abrahams.

September 1833, a *scire facias* was issued by said Justice, against said Simon Abrahams, the said garnishee of John Lincoln, returnable 21st September 1833, at the suit of said plaintiffs in attachment, calling upon the said garnishee to shew cause why David and Daniel Laird should not have execution of the said sum of fifteen dollars and forty-two cents, due from the said Simon Abrahams to the said John Lincoln, or as much as is due. On the 21st September 1833, the Constable returned the said *scire facias* endorsed, served by reading to the defendant the 16th September 1833, and leaving a copy with the same. The plaintiffs then also filed their state of demand, and the defendant Simon Abrahams, his plea. On the 11th October 1833, the cause came on to be heard before the Justice and jury of six men, (called by the plaintiffs.) After hearing the evidence, the jury found a verdict for the plaintiffs in attachment, against the said garnishee, for the sum of eleven dollars and thirty-eight cents. Whereupon the said Justice gave judgment for the said plaintiffs, against the said garnishee, for the said sum of eleven dollars and thirty eight cents debt, and four dollars and fifty two cents costs. Said garnishee tendered to the said Justice, an appeal bond, and demanded an appeal, which was granted by the justice. Upon which appeal, such proceedings were had, in the Court of Common Pleas of said county of Monmouth, that in the term of July 1834, the same came on to be heard. Whereupon the said plaintiffs in attachment, moved to dismiss the same—which motion was overruled by the court, and the appeal sustained;— and after hearing the evidence, the court reversed the judgment of the Justice, and gave judgment of non-suit against the said plaintiffs, with costs. On the 12th August 1834, the said plaintiffs in attachment appeared before said Justice Hedden, and demanded execution against Simon Abrahams, the said garnishee—which execution the said Justice refused to grant, upon the ground, that there had been an appeal to the Court of Common Pleas of said county of Monmouth. It is agreed, that if under the foregoing state of facts, a *mandamus* ought to issue, it do issue."

*Vredenburgh* in support of the motion.

*W. L. Dayton* contra.

The opinion of the court was delivered by

HORNBLOWER, C. J.   Application is made to this court for a *mandamus* to be directed to a Justice of the Peace, commanding him to issue an execution, on a judgment rendered before him against the defendant, as garnishee of an absconding debtor. The reason assigned by the justice, for refusing to issue an execution, is that the defendant in *scire facias* has appealed to the Court of Common Pleas of Monmouth county, and that that court has reversed his decision or judgment· in the matter.— Whether a *mandamus* ought to issue or not, depends therefore upon the question, whether an appeal lies to the Court of Common Pleas, from such a proceeding before a Justice? It is supposed by the counsel, that this question involves another, namely, whether the proceedings in attachment before a Justice of the Peace, or any part of them, are instituted, or carried on, in a court for the trial of small causes; or whether the Justice is to be considered as executing a special authority delegated to him, simply in his official character, as a magistrate, by the 33d Section of the attachment act? *Rev. Laws*, 362.

Whatever of doubt or difficulty there may be in this latter inquiry, it is not necessary to be solved, in order to settle the real question before the court: for whether the Justice in a matter of attachment, acts simply as a commissioner, designated by his name of office, or as in a court for the trial of small causes, no appeal, in my opinion, lies from his decision in such matters, to the Court of Common Pleas, unless it be after an appearance by the defendant in attachment, under the provisions of the act of 1832. *Harr. Comp.* 405. And whether any appeal will lie even in that case, it is not now necessary to determine.   An appeal from a Justice, or from a court, for the trial ·of small causes, is not a common law right; but like the civil jurisdiction of a Justice of the Peace, and the court for the trial of small causes itself, is a creature of the statute, and exists only where it is given by statute, either in express terms, or by a plain and irresistible implication. If the Court of Common Pleas then, has any jurisdiction by way of appeal, in this matter, it must be found in some statute. It is not pretended that any appeal is given by the 33d Section of the attach-

ment act, *Revised Laws*, 362, under which the proceedings in this case were had; but it is supposed to be given by the provisions of the act constituting courts for the trial of small causes, and the various supplements thereto. There is, however, no foundation for such an argument. The appeals given and regulated by those acts, are appeals from judgments rendered in the form and manner prescribed by those acts—whereas, the proceedings in attachment, before a Justice, are not in pursuance of the act constituting courts for the trial of small causes, nor in conformity with its provisions.

But it is objected by the counsel to the defendant that a *mandamus* will not be allowed, where the party has another specific legal remedy, as it is insisted, he may have by a *certiorari* in this case, to the Common Pleas. *The King* v. *Archbishop of Canterbury*, 8 *East*. 213, 5 *Com. Dig.* 31, and the *State* v. *Holliday*, 3 *Halst.* 205, are cited in support of this objection. The unauthorized and illegal proceedings of the Common Pleas, it is true, may be set aside on *certiorari*, but that is not an appropriate or adequate remedy. It would not give the plaintiff an execution against the garnishee, nor advance him in the prosecution of his suit against the absconding debtor. It is not therefore, the *specific* and *legal* remedy, contemplated by the authorities just cited. If, indeed, the Common Pleas had jurisdiction in the case, that of the Justice, would be superseded by the appeal—a *certiorari* then, would be the only and specific remedy; but such is not the case.

It is objected again, that a *mandamus* will not go to a person acting *judicially*, though he may have erred in judgment. *The U. States* v. *Lawrence*, 3 *Dall. R.* 42. The principle is not disputed, but I apprehend it is misapplied. In the case just cited, the Judge *had authority* to issue, or not to issue, the warrant applied for; and he *judicially* determined that the evidence laid before him, was not sufficient to authorise his granting the application. But in the case before us, the Justice refuses to proceed, on the ground that he had granted an appeal, when by law, he had no power or authority, under any circumstances to grant such appeal. The distinction is clearly marked and illustrated by the case of *Jones* v. *Allen*, 1 *Green's*

*R.* 97.   It is argued, however, that if a *mandamus* is awarded in this case, it must be because the justice has erred in granting an appeal; and then a writ of *mandamus* will supersede the writ of *certiorari*, in all cases, where an appeal has been improperly granted by a Justice, or improperly entertained by the Court of Common Pleas.   This does not follow.   The fallacy of the argument lies in confounding an *irregular* appeal, where an appeal might under some circumstances be regularly brought, with a case, in which there can under no circumstances, be an appeal.   If this had been a proceeding before a Justice, of which the Court of Common Pleas, under certain circumstances had an appellate jurisdiction, no *mandamus* could issue; the remedy would be by *certiorari*.   But as it is a matter of which the Common Pleas has no such jurisdiction, the granting of the appeal, by the Justice was a *nullity*, and the trial of it in the Common Pleas, *coram non judice*.   The difference lies between an irregular proceeding and a void one.   This is the latter.   The case of *Terhune* v. *Barkalow*, 6 *Halst. R.* 38, is a decision on this point.   The counsel for the defendant supposes that case was decided on the ground, that the defendant, had failed to pay the costs, as he had stipulated to do.   This is a mistake.   It is true the late Chief Justice, in delivering the opinion of the court, proceeded to show that even upon the merits of the case, supposing the Justice had a right to open his judgment, the plaintiff was entitled to execution, by the failure of the defendant to pay the costs; but he immediately adds: "if a Justice has no such power," (that is, to open a judgment,) "the propriety of a writ of *mandamus* is obvious, without reference to the ground of allowance already mentioned."   And the court being of opinion that a Justice of the Peace had no power to set aside or open his own judgment, ordered an alternative *mandamus*, requiring the Justice to issue execution, &c.

The last objection urged by counsel, viz: that a *mandamus* will not lie, after the party has had the benefit of a new trial on the merits, is obviated by what has been already said.   The whole proceeding on the appeal, was *coram non judice*, and void—consent, expressed or implied, will not give jurisdiction— an alternative *mandamus*, ought therefore to issue.

FORD, J. and RYERSON, J. concurred in awarding an alternative *mandamus,* on the ground that no appeal lies from the judgment of a Justice, against a garnishee in attachment.

CITED in *Cortleyou* v. *Ten Eyck,* 2 *Zab.* 47.