THE STATE, EX REL. EMIL BAUMAN, OF THE CITY OF HOBOKEN, v. THE DISTRICT COURT OF THE CITY OF HOBOKEN AND GUSTAV STRÈNG, CLERK OF SAID COURT.

A writ of *mandamus* will go to a District Court commanding it to issue an execution, which it withheld because an appeal had been taken, when the notice of appeal was given after a period of ten days from the entry of the judgment.

On *mandamus.*

An alternative writ of *mandamus* was allowed, directing the defendants to issue an execution upon a judgment in the District Court of Hoboken, or show cause for the refusal. The writ recited that the judgment was entered against John and Angelo Podesta, on April 13th; that execution was issued on April 14th, which was unsatisfied, but nevertheless the said court and said clerk refuse to issue an *alias* writ of execution.

The return set out that on the 13th of April a verdict was rendered in the said Hoboken District Court in the above-mentioned cause; that on the 16th day of April a motion was made for a new trial, on behalf of the defendants, on the ground that the verdict was contrary to law and evidence; that the court set down the 24th day of April for the argument of said motion and that on the 27th day of April the court refused to grant a new trial.; that on the 29th day of April defendants gave notice of appeal to the plaintiff, and thereupon entered into bond to the plaintiff with one sufficient surety, being a freeholder in the county of Hudson, for the costs of the appeal, whatever be the result thereof, and for double the amount of the judgment rendered against them, conditioned for the payment thereof, if the appeal be not prosecuted by the appellants or be dismissed; which said bond was filed and approved by the judge on the 3d day of May, 1886.

To this return a demurrer was filed.

Argued at February Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the relator, *Joseph A. McCreery.*

The opinion of the court was delivered by

REED, J.   The counsel for the relator insists that no appeal was taken from the District Court, and therefore there is a clear duty resting upon that court to issue an *alias* execution, which duty it has refused to perform.

The contention is that from the face of the return it appears that the attempt of the defendant to take an appeal was

ineffectual, because he had previously permitted the period within which he could have taken such action to expire.

The provision for taking appeals from District Courts is found in section 171 (*Rev., p.* 1330) of the District Court act. The following is the language: " That if either party in any such action or proceeding shall be dissatisfied with the determination or direction of said court in point of law, or upon the admission or rejection of evidence, such party may appeal from the same to the Court of Common Pleas in and for the county wherein said District Court is held; provided that said party shall, within ten days after such determination or direction, give notice of such appeal to the other party."

The question is presented here whether under this statutory provision for an appeal the return shows such a course of conduct in the court below that no appeal could have been taken. The return discloses only the facts that more than ten days elapsed after the entering of judgment below before the notice of appeal was given, but that a less period than ten days intervened between the refusal to grant a new trial and the notice. If the notice of appeal had to be given within ten days after the entry of judgment, then no appeal was taken, and the District Court had no right to withhold execution. This being so, then upon a demand made to the court to issue such writ, and its refusal to do so, a writ of *mandamus* will go to the court compelling it to perform this duty.

The failure of the defendant to give the notice within the statutory period stripped the District Court of all power to allow or recognize an appeal. There is no dispute as to the fact that no notice was given within the ten days following the entry of the judgment. At the expiration of that period, no power under any condition of fact could exist to justify the taking of an appeal. The law is well settled in this state that there is no other adequate remedy for a refusal to issue an execution, where such refusal is based upon the existence of an appeal which suspends the right of the subordinate tribunal to issue the writ, than *mandamus*. *Laird* v. *Abrahams*, 3 *Green* 22. And that where it appears that there is no power

Pennsylvania R. R. Co. v. Jersey City.

to allow the appeal the writ of *mandamus* will be allowed. *Terhune* v. *Barkalow*, 6 *Halst.* 38.

As already remarked, if it appears to be the law that the defendant was bound by the statute to give his notice of appeal within ten days from the judgment, the condition of affairs would exist in this case which entitles the plaintiff to the writ of *mandamus*.

I think that the date of the entry of judgment is the point of time from which the period given for appeal commences to run. It may be that where the court, subsequently to the entry of judgment, grants a rule to show cause why a new trial should not be allowed, the judgment would be considered suspended during the pendency of the rule. Upon this point no opinion is expressed.

Here there was no rule to show cause allowed. The defendant, by permitting the statutory period to expire without perfecting his appeal, took the option of resting his right to a review in the trial court alone.

There should be judgment entered for the demurrant.