# HAYNES

### v.

# WILENTZ.

### Civ. No. 81–1585.

United States District Court,
D. New Jersey.

May 22, 1981.

## MEMORANDUM

BIUNNO, District Judge.

Haynes has submitted to the Clerk an affidavit of indigency for leave to file and prosecute suit under 42 U.S.C. § 1983, claiming deprivation of rights under Amendment One (meaningful access to the courts), Amendment Six (expeditious process), and Amendment Fourteen (due process and equal protection).

The proof of indigency is adequate, and an order will be entered allowing prosecution under 28 U.S.C. § 1915.

The complaint must be dismissed, however (a) for lack of jurisdiction and (b) because it is frivolous on its face, 28 U.S.C. § 1915(d). The reasons involve a review of applicable State law.

With the adoption of the 1979 New Jersey Code of Criminal Justice, N.J.S. Title 2 C, a provision was included that:

"Any person who is under sentence of imprisonment on the effective date of the code [September 1, 1979] for an offense committed prior to the effective date * * who has been sentenced to a maximum term of imprisonment * * * which exceeds the maximum established by the code for such an offense * * * may move to have the sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown, as though the person had been convicted under the code * * *" See N.J.S. 2C:1–1 d(2).

To coordinate court rules with this change, the Supreme Court amended N.J. Court Rule R.3:21–10(b), dealing with exceptions to time limits for reduction or change of sentence, by adding:

"(4) changing a sentence as authorized by the Code of Criminal Justice." (Adopted August 28, 1979 to be effective September 1, 1979).

Shortly thereafter, by an administrative directive and by an order of the Chief Justice dated October 18, 1979, motions under Rule 3:21–10(b)(4), for resentence under the Code, were to be heard by a 3-judge resentencing panel. See 104 N.J.L.J. 369 (October 25, 1979). See, also, *State v. McDermott*, 175 N.J.Super. 334, 418 A.2d 1287 (App.1980), dealing with this subject.

From what is disclosed by the complaint submitted by Haynes, he had been sentenced, before the Code, for some unidentified offense committed before then, probably in 1975 or so, as the papers are captioned "Indictment No. 246–75".

He evidently filed with the 3-judge panel a "Motion for 2C Resentencing", which was denied November 18, 1980, and then applied under N.J. Court Rule R.2:7–1 for leave to prosecute an appeal from that denial as an indigent, which was granted. A further request for a written statement of reasons was denied because there was an oral opinion which would be included in the transcript. See Exh. P–1, dated January 5, 1981.

He seems also to have applied to the Appellate Division of Superior Court, for an order for leave to proceed on appeal as an indigent and for free transcripts. This appears from Exh. P–2, noting "Moving Papers Filed December 30, 1980" (43 days after the denial of November 18, 1980). Part G of the Appellate Division received the papers January 30, 1981 and on February 18, 1981 ruled that the motion was unnecessary because the relief requested had been granted by the sentencing review

panel by its order of January 5, 1981, Exh. P–1.

In other words, Haynes applied to both the resentence panel of the trial court, and to the Appellate Division, for the same relief. That relief having been granted first in the trial court, there was no need to grant it again, as noted in Exh. P–2.

Haynes' complaint here is that clerical personnel in the Appellate Division have incorrectly required that he file a Notice of Appeal, and attaches letters to him dated April 6, 1981 and May 4, 1981, referring to a letter (not supplied here) and an inquiry about a "Motion for Free Transcripts" (not supplied here). The second letter mentions information enclosed, but the enclosures are not supplied.

■ Haynes grounds his complaint here on the proposition that under N.J. Court Rule R.2:5–1(g), the indigency order of the resentence panel must be treated as a notice of appeal, and that no separate notice of appeal is needed.

Although it has been ruled that 42 U.S.C. § 1983 extends to rights secured by "laws" as well as by the Constitution, the laws referred to are laws of the United States; see *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The issue raised by Haynes arises out of a New Jersey court rule, the equivalent of state legislation under the Supreme Court's rule-making power, *N.J.Const., 1947*, Art. 6, sec. 2, par. 3. Thus, the right to which he complains of being deprived is a right allegedly secured by state law, not federal law, and as a consequence there is no jurisdiction here under 42 U.S.C. § 1983 or on any other federal basis.

By way of remedy, Haynes wants:

1. A declaration that the Chief Justice and the named clerical personnel in the Appellate Division have violated his constitutional rights.

2. An order directing that Exh. P–1 be treated as a notice of appeal, to assign a docket number and schedule his "second motion" for a free transcript.

3. Ordering the Chief Justice to institute a training program for the clerical staff.

4. Awarding compensatory and punitive damages (stating specific amounts contrary to the provisions of General Rule 8–G of this District).

5. Awarding litigation costs, including attorney fees.

Insofar as Haynes asks this court to order the clerical staff of the Appellate Division to treat the Exh. P–1 order as a notice of appeal, he is seeking mandamus—to compel the doing of what he claims is a ministerial act. See, e. g., *Baumann v. Hoboken District Court*, 49 N.J.L. 537, 13 A. 43 (Sup. 1887); *Laird v. Abrahams*, 15 N.J.L. 22 (Sup.1835); *Terhune v. Barcalow*, 11 N.J.L. 38 (Sup.1829); *Lerner v. McDermott*, 11 N.J.Misc. 99, 164 A. 864 (Sup.1933).

By *N.J.Const., 1947*, Art. 6, sec. 5, par. 3, mandamus (along with all other prerogative writs) was superceded and like review, hearing and relief shall be afforded in the Superior Court. See, also, N.J. Court Rules R.2:2–3 and R.4:69.

The federal courts do not sit to supervise the internal workings of the state judiciary, or as courts of appeal to review or regulate their operation, and for this reason as well, there is no jurisdiction here.

Finally, even if the interpretation by clerical personnel be incorrect, they have instructed Haynes on the steps to take to perfect his appeal. He need only file a notice of appeal with request for extension of time or that it be accepted *nunc pro tunc*. Haynes obstinately refuses to follow the instructions and comes here instead to ask this court to decide a matter of state law. He is also entitled to the professional assistance of the N.J. Public Defender, see N.J. Court Rule 2:7–2, but evidently insists on handling his own case. In this respect he may be trying to chalk up a record of needless litigation greater than that recorded in *Green v. Jenkins*, 80 F.R.D. 686 (D.Mo. 1978).

■ Refusal to comply with instructions given (even if incorrect) and failure to seek

the assistance of the Public Defender, renders the complaint frivolous, as an independent ground for dismissal under 28 U.S.C. § 1915(d).