124 N.J. Super. 50 (1973)
304 A.2d 747
IN RE: ETHEL HOLLYWOOD, CLAIMANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 26, 1973.
Decided May 9, 1973.
*52 Before Judges LEWIS, CARTON and MINTZ.
Mr. Michael D. Schottland argued the cause for appellant (Messrs. Chamlin and Schottland, attorneys).
Miss Carla Vivian Bello, Deputy Attorney General, argued the cause for respondent Violent Crimes Compensation Board (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
MINTZ, J.A.D.
Appellant appeals from an order dated September 12, 1972 entered by the Violent Crimes Compensation Board (Board), an agency of the State. She was one of the first applicants for compensation under the recently enacted Criminal Injuries Compensation Act of 1971 (act), effective October 4, 1971.
Appellant filed a claim with the Board following the murder of her son on January 3, 1972. A hearing was held, resulting in the order of September 12, 1972. Appellant was 73 years of age at the time of the murder. The order which is the subject of this appeal recites that appellant was dependent on her deceased son to supplement her support. She was awarded for her support $75 per month commencing *53 January 3, 1972 and continuing until the entire sum of $10,000 is used or until her death, whichever occurs first. Should she remarry the Board reserved the right to review the case to determine whether to reduce or discontinue the monthly payments. She was awarded an initial payment of $750 for the ten months from January 3, 1972 to October 3, 1972. Her counsel was allowed a fee of $1,000, with the first payment of $500 to be made in October 1972 and final payment of $500 in October 1973, and said counsel was to continue to render services to appellant until they were fully paid without additional charges. At the time of the hearing there were no rules or regulations adopted by the Board.
N.J.S.A. 52:4B-18 provides that no compensation shall be awarded in excess of $10,000, and that all payments shall be in a lump sum, "except that in the case of death or protracted disability the award may provide for periodic payments to compensate for loss of earnings or support * * *." Appellant argues that this provision is unenforceable because there are insufficient standards to guide the Board.
However, the Legislature has prescribed one basic standard, namely, that all awards by the Board must be paid in a lump sum except in the case of death or protracted disability of the victim. Additionally, N.J.S.A. 52:4B-9 in part provides that the Board in determining the amounts payable under the act consider the availability of funds appropriated for such purposes. This provision is indicative of the legislative intent to vest wide discretion in the Board so that it might equitably allocate, among potential applicants, whatever funds are available in a given fiscal year. The Board is not only a relatively new entity in New Jersey, it is a new concept throughout the country. More detailed statutory regulations may come from experience. Moreover, the nature of the area in which the Board functions requires an emphasis upon an individual approach, which may be accomplished only by granting the Board a wide area of discretion. *54 We further note that courts have expressed approval of broad delegations of power to administrative agencies. Cammarata v. Essex County Park Comm'n, 26 N.J. 404 (1958); Ward v. Scott, 11 N.J. 117, 126 (1952); Motyka v. McCorkle, 58 N.J. 165 (1971).
Secondly, appellant argues that the failure of the Board to promulgate standards or establish and adopt other criteria with regard to periodic payments vitiates that part of the order providing for a 10 1/2-year payout to appellant. At the time appellant filed her claim the Board had been in existence for less than one year. It is unrealistic to expect it to promulgate rules and regulations in so brief a period, especially in light of the fact that there are few states from whose experience the Board could benefit. The wiser approach under this act is is to adopt regulations based upon studied consideration and experience. Data Access Systems, Inc. v. State, 117 N.J. Super. 95 (App. Div. 1971), certif. granted 60 N.J. 283 (1972). Cf. Securities and Exchange Com. v. Chenery Corp., 332 U.S. 194, 202-203, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995 (1947). Appellant actually seeks a modification of the order by awarding her a lump sum payment of $10,000. We find no justification for such modification, particularly in view of the plain language of N.J.S.A. 52:4B-18. The Board's decision to exercise the option to make periodic monthly payment over 10 1/2 years was not arbitrary, capricious or unreasonable. Hence we will not interfere with the administrative agency's determination. Cf. Thomas v. Bd. of Ed., Morris Tp., 89 N.J. Super. 327, 332 (App. Div. 1965), aff'd 46 N.J. 581 (1966).
Finally, appellant's counsel asserts that the Board erred in ordering their fee to be paid in two installments, each in the sum of $500. N.J.S.A. 52:4B-8 provides that the Board may determine and allow reasonable counsel fees which shall not exceed 15% of the award. There is no provision in the cited statute for installment payments to counsel for future services. Counsel should be paid in full for the service performed to the date of the award.
*55 Accordingly, the matter is remanded to the Board for a determination of the amount due counsel. In all other respects the order of September 12, 1972 is affirmed. We do not retain jurisdiction.