125 N.J. Super. 569 (1973)
312 A.2d 513
THE CITY OF ELIZABETH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RICHARD J. SULLIVAN, COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, AND THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, AND GREEN ACRES PROGRAM OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1973.
Decided December 11, 1973.
*571 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Frank P. Trocino, City Attorney, attorney for appellant (Mr. Raymond S. Londa, Assistant City Attorney, on the brief).
*572 Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. Joseph M. Clayton, Jr., Deputy Attorney General, on the brief).
PER CURIAM.
Defendant Commissioner of the Department of Environmental Protection (DEP) rejected a grant application filed under the New Jersey Green Acres Land Acquisition Act of 1971, N.J.S.A. 13:8A-19 et seq., by plaintiff City of Elizabeth. The city requested, pursuant to N.J.S.A. 13:8A-22, state assistance in acquiring a 10-foot strip of land running 11 miles on either side of the Elizabeth River. See also, N.J.S.A. 13:8A-28 and 29. Plaintiff complains that the Commissioner deprived it of due process because he neglected to prescribe rules and regulations defining standards to be used for evaluation of Green Acres grant applications; he failed to afford a hearing on the application, and his rejection of the application was arbitrary.
Green Acres legislation empowers the Environmental Protection Commissioner to use the proceeds of the sale of bonds authorized by New Jersey voters "to acquire lands for recreation and conservation purposes and to make grants to assist local units to acquire lands for such purposes * * *." N.J.S.A. 13:8A-22. The Legislature did not elect to appropriate at once the entire $80 million authorized. N.J.S.A. 13:8A-20(g), (h) and (i).
The lawmakers did establish standards to guide the Commissioner in disbursing available limited funds. Under the Green Acres Act he is to allocate money for acquisition of lands for recreation and conservation with the objective of achieving a reasonable balance of facilities throughout the State to meet present and future needs. To the extent practicable the Commissioner is to assist in acquiring land already open and natural, land that can be obtained and converted to statutory purposes at minimum expense, and land suitable for a combination of recreation and conservation. N.J.S.A. 13:8A-23(a), (b) and (c). He is to give special attention to providing open spaces in cities. N.J.S.A. 13:8A-20(e). *573 The lawmakers have also established a Joint Legislative Review Committee to oversee the Commissioner's administration of Green Acres funds.
Green Acres legislation nowhere requires the DEP Commissioner to prescribe rules and regulations articulating criteria he will use to distinguish successful from unsuccessful grant applications. Likewise the legislation nowhere gives a disappointed grant applicant the right to a hearing. Rules and regulations and a hearing are unnecessary and perhaps impractical as well, because the Legislature supplied adequate standards for evaluation of applications and because not all qualified applicants can expect to receive a part of the limited funds available. These facts distinguish the present case from Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Boller Beverages, Inc. v. Davis, 38 N.J. 138 (1962).
In addition, the advisability or necessity of placing broad discretion in an administrator charged with disbursing limited public funds among worthy applicants does not square with a requirement that he formulate specific rules and regulations that would bind him in advance. In re Hollywood, 124 N.J. Super. 50, 53-54 (App. Div. 1973). Furthermore, plaintiff was given ample opportunity to show itself a worthy competitor for Green Acre funds through information conveyed in its application and supplemental correspondence. A hearing, which would have exhausted scarce resources with the result that less money would be available for acquisition of land for recreation and conservation, was unnecessary. The absence of administrative rules and regulations defining standards to be used for evaluation of Green Acres grant applications and the absence of an administrative hearing on the application did not deprive Elizabeth of due process of law.
The final question, whether the Commissioner's rejection of the city's application was arbitrary, necessitates a further look at the facts. First, however, it must be made *574 clear that plaintiff bears an especially heavy burden of proof because of the limited scope of review of agency action challenged as arbitrary. That Elizabeth must do more than merely show it was a worthy applicant adds to the great weight it must attempt to carry. There is a presumption that an administrative decision was reasonably justified  that discretion legislatively delegated was soundly exercised. The court must indulge fair arguments in support of the decision. The court cannot substitute its judgment for that of the administrator when intelligent and conscientious men could differ about its wisdom. United Hunters Ass'n of N.J., Inc. v. Adams, 36 N.J. 288, 292 (1962); Flanagan v. Civil Service Dep't, 29 N.J. 1, 12 (1959).
The city's grant application discloses that recreation and conservation would be secondary results of acquiring slim strips of land along the Elizabeth River. The primary purpose of acquisition would be to make possible a flood control project managed by the United States Army Corps of Engineers (Corps). In fact, plaintiff sought help in obtaining no more land than the necessary minimum for the Corps project. While nothing in the Green Acres Act renders this coincidence fatal to Elizabeth's grant application, it is certainly an adverse fact the Commissioner could legitimately take into account. In addition, the city's application did not specify the recreational facilities it intended to provide along the river. Finally, the money requested by plaintiff, nearly $4 million, represented a very large portion of the total funds the Commissioner was charged with distributing to assist local governments throughout the State.
These facts are sufficient to convince us that Elizabeth has not overcome the presumption of administrative reasonableness.
Affirmed.