43 N.J. Super. 156 (1956)
128 A.2d 7
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS RUGGIERO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 21, 1956.
Decided December 28, 1956.
*157 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Louis Ruggiero, appellant, pro se.
Mr. Vincent P. Keuper, Monmouth County Prosecutor, for the respondent (Mr. Solomon Lautman, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by JAYNE, J.A.D.
The defendant frankly acknowledges that on June 18, 1954 he intentionally fabricated a check in the amount of $350, subscribed thereto the false and fictitious name of Joseph Petrillo as maker, and thereafter uttered the instrument with the intent and purpose of defrauding the Long Branch Trust Company.
On January 3, 1955 the Monmouth County Grand Jury presented an indictment designated No. 7096 accusing him in the first count of falsely making the partly printed and partly written instrument with the intent to defraud the bank, and in the second count of the act of uttering the check with the same intent, both in violation of N.J.S. 2A:109-1.
We may reasonably infer from the information imparted to us that the defendant was experienced in this style of swindlery and had proficiently educated himself in that field of the law applicable to such an occupation, for upon his arraignment under the indictment he pointed out that he had been indicted for the commission of the crime of forgery of which he asserted he was not guilty because the name *158 of the maker of the check, Joseph Petrillo, which he intentionally subscribed to the instrument was that of a nonexistent person. He elucidated to the court that he had not been appropriately accused of uttering a worthless check or of exerting false pretenses.
The defendant's announcement occasioned some precautionary hesitation in the action of the court, and counsel was thereupon assigned by the court to consult with the defendant and examine the merit of the defendant's art of reasoning. Following the consultation the defendant resolved to enter a plea of non vult to the allegations of the indictment. On September 23, 1955 he was sentenced to serve a term of imprisonment from two to three years to run consecutively to other sentences pursuant to which he was then confined.
It was not until June 15, 1956 that the defendant applied to the court for the vacation of his sentence. Again counsel was appointed to iterate on his behalf his initial objection. The application was denied. The following quotations from the order expose the subject matter of the application:
"It appearing to the Court, * * * that: LOUIS J. RUGGIERO was indicted under N.J.S. 2A:109-1, for having signed the name of Joseph Petrillo to a check drawn upon the New Jersey Trust Company of Long Branch, New Jersey, when he now alleges there was no such person as Joseph Petrillo, and that when no actual living person's signature was copied, it could not be in violation of N.J.S. 2A:109-1:
And it further appearing to the Court that the signing of the name of Joseph Petrillo to the check drawn upon the New Jersey Trust Company of Long Branch was done with intent to prejudice, injure, damage and defraud the Long Branch Trust Company, regardless of whether Joseph Petrillo was an actual or fictitious person.
IT IS THEREFORE, on the 10th day of July, 1956 ORDERED that the Motion to vacate the sentence imposed upon the defendant, LOUIS J. RUGGIERO, be and the same is hereby dismissed."
By means of the present appeal the defendant challenges the legal propriety of the order dismissing his application.
We are not only here concerned with the elements of the common-law crime of forgery, but also with the terms *159 of its statutory descendant. The defendant acknowledged by his plea and does so now that he made a false, ungenuine and artificial negotiable instrument in writing, and knowingly and consciously uttered it as genuine, real, true, and veracious, with intent to defraud another. Such is a reprehensible misdeed embraced within the compass of N.J.S. 2A:109-1. It is to be realized that N.J.S. 2A:109-1 is an epitomized revision of R.S. 2:132-1. Vide, State v. Kohler, 40 N.J. Super. 600, 606 (App. Div. 1956).
The instrument was admittedly fabricated to represent a genuine negotiable instrument for the transference of a monetary credit, executed by an existing person in the course of trade, whereas it was in reality a counterfeit, something false made to represent something genuine. The fraudulent making of a writing which if genuine would, or on its face might be, of some legal effect upon the rights of others, is, if made with intent to defraud another, in essence a forgery comprehended by the common law and by our statute.
Here a false negotiable instrument for the payment of money or for a monetary credit is created by the forging or by the untrue imitation thereon of the apparent signature of a fictitious, unknown, or nonexistent maker with the deliberate intent to utilize it to defraud someone. Such an act constitutes the commission of the crime of forgery. 37 C.J.S., Forgery, § 10, p. 39; 23 Am. Jur. 681, § 12. See particularly, Lyman v. State, 136 Md. 40, 109 A. 548, 9 A.L.R. 401 (Ct. App. 1920), and authorities therein cited.
The order is affirmed.