174 N.J. Super. 407 (1980)
416 A.2d 946
STATE OF NEW JERSEY, PLAINTIFF,
v.
FRED REED, DEFENDANT.
Superior Court of New Jersey, Resentencing Panel.
Decided May 15, 1980.
*408 Mark P. Stalford, Assistant Prosecutor, for plaintiff (Alexander D. Lehrer, attorney).
R. Diane Aifer, Assistant Deputy Public Defender, for defendant (Stanley C. Van Ness, Public Defender, attorney).
Before Judges COLEMAN, MARZULLI and YANOFF.
The opinion of the court was delivered by YANOFF, J.S.C.
Defendant has applied for resentencing under N.J.S.A. 2C:1-1d(2). Under Indictment 216-78 he was sentenced on January 19, 1979 for a violation of N.J.S.A. 2A:109-1a (forgery) to a term of five to seven years; for a violation of N.J.S.A. 2A:109-1b (uttering) to a term of three to five years concurrent to the previous sentence, and for a violation of N.J.S.A. 2A:111-1 and 2A:85-5 (attempting to obtain money by false pretenses) to a term of one to two years, also concurrent. On the same date, *409 under Indictment 115-76, he was sentenced for escape (N.J.S.A. 2A:104-6) to a term of one to two years consecutive to the previous sentence. In addition, for violation of a probationary term under Indictment 1020-75 which contained two counts of forgery, two counts of uttering, and two counts of obtaining money under false pretenses, he was sentenced to a one-to-two-year term consecutive to the sentences under Indictment 216-78, but concurrent to the sentence under Indictment 115-76. Thus, his aggregate effective sentence was six to nine years.
The facts underlying Indictment 216-78 are that defendant had possession of a bankbook of another person, showing $560 in the account, forged a withdrawal slip on that account and presented it, but was arrested before obtaining money.
The initial issue is determination of the comparable Code offense. Chapter 21 of the Code has changed the penalty for forgery. The most serious forgery offense is now a crime of the third degree (N.J.S.A. 2C:21-1b), which carries a maximum penalty of five years, whereas forgery and uttering under the 2A scheme entailed a maximum penalty of seven years. N.J.S.A. 2C:21-1b, "Grading of forgery," provides:
Forgery is a crime of the third degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments, certificates or licenses issued by the government, or part of an issue of stock, bonds or other instruments representing interest in or claims against any property or enterprise.
Otherwise forgery is a crime of the fourth degree.
The Criminal Law Revision Commission, report, in considering the forgery statute, said:
In preparing the Code, we have operated on the assumption that much of the desire for authenticity, previously covered by the law of forgery, is now better dealt with as forms of false pretense (i.e., theft) and fraud. Our new law remedying shortcomings in the law of theft, fraud, attempt, complicity and professional criminality diminish greatly the need for a separate forgery offense. The crime is conservatively drafted to avoid penalties disproportionate to those for fraud. Moreover, in the administration of forgery law, sentencing courts and parole boards should be alert to the potentiality of unfairness in cumulating convictions for forgery and fraud based on forgery. It would ordinarily be hard to justify punishing an employee more harshly for forging his employer's endorsement on a check than for stealing for [sic.] $100 of the employer's cash. [Vol. II: Commentary 238 (1971); emphasis supplied]
*410 The issue briefed by counsel at the court's request was whether the congruent offense was one of the fourth or third degree under N.J.S.A. 2C:21-1b.
The final report of the New Jersey Criminal Law Revision Commission made the crimes described in N.J.S.A. 2C:21-1b crimes of the second degree, and provided also that
(2) Forgery is a crime of the third degree if the writing is or purports to be
(a) a will, deed, contract, release, commercial instrument, or other document, evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations; or
(b) a prescription of a duly licensed physician or other person authorized to issue the same for any drug or any instrument or device used in the taking or administering of drugs for which a prescription is required by law.
Otherwise forgery is a crime of the fourth degree.
When enacted the quoted subsection was not included in the statute, and those crimes which had been graded as second degree changed to third degree, but the catchall, "Otherwise forgery is a crime of the fourth degree," was retained. The result is that, whereas the Code, as initially presented, contemplated specific mention of forgery of a "commercial instrument," as enacted no specific provision was made therefor.
Forgeries and uttering of forged instruments are also frauds, because the forgery becomes a crime when "the author of the false writing has fraudulent intent and if the writing is false or fictitious and has the capacity to have been relied upon as legally significant ..." State v. Schultz, 71 N.J. 590, 599 (1976) [emphasis the court's]; State v. Ruggiero, 43 N.J. Super. 156 (App.Div. 1956), affd 25 N.J. 292 (1957).
The statutory plan becomes apparent from the foregoing. Thefts by deception are dealt with under Chapter 20 of the Code (N.J.S.A. 2C:20-4). All thefts, by whatever means, are graded under N.J.S.A. 2C:20-2, except thefts by extortion, which are crimes of the second degree (N.J.S.A. 2C:20-2b(1)). Where the amount involved exceeds $500, the crime is of the third degree (N.J.S.A. 2C:20-2b(2)(a)). Since forgeries are also thefts, the congruent offense for a forgery can be found under Chapter 20, with the exception that in no case is forgery a crime of less than the fourth degree. The fairness of dealing with such offenses as *411 thefts under Chapter 20 is apparent. In this case the amount involved was $560 under the theft chapter an offense of the third degree (N.J.S.A. 2C:20-2b(2)(a), 2C:20-4a). An attempt to commit a third-degree crime is a crime of the same degree (N.J.S.A. 2C:5-4a). Thus, the maximum penalty to which defendant is exposed under the Code is five years for the forgery. Those aspects of the sentence under Indictment 216-78 which were concurrent are not significant. He is, therefore, entitled to be considered for resentencing and to be given the opportunity to demonstrate good cause therefor under N.J.S.A. 2C:1-1d(2).
There is no need to deal with the escape charge because the maximum penalty therefor under the Code is five years (N.J.S.A. 2C:29-5d, N.J.S.A. 2C:43-6a(3)).
An order will, therefore, be made directing that the defendant appear before the Resentencing Panel and given an opportunity to demonstrate good cause.