174 N.J. Super. 101 (1980)
415 A.2d 396
STATE OF NEW JERSEY, PLAINTIFF,
v.
THOMAS BOTTIGLIERO, DEFENDANT.
Superior Court of New Jersey, Resentencing Panel, Monmouth County.
Decided February 20, 1980.
*102 Before Judges COLEMAN, MARZULLI and YANOFF.
Mark P. Stalford, Assistant Prosecutor, for State (Alexander D. Lehrer, Prosecutor).
Gerald J. Monahan for defendant.
The opinion of the court was delivered by YANOFF, J.S.C.
Defendant was indicted in an 18-count indictment and pled guilty to four counts. Two of the counts charged him with debauching and impairing the morals of a minor, in violation of N.J.S.A. 2A:96-3; a third count charged him with attempted debauching and impairing the morals of a minor. Since the fourth count charged assault with a dangerous weapon and *103 resulted in a suspended sentence, it requires no discussion. On a motion to resentence, it is urged that N.J.S.A. 2C:24-4, "Endangering Welfare of Children," carrying an 18-month sentence, is the congruent offense and, therefore, the applicant should be resentenced.
The facts supporting one of the counts were that he impaired the morals of G.B., nine years of age, by showing her pictures of a man and woman having intercourse. As to the second count involving S.M., age 11, the presentence report showed that she was asked "to feel his penis." It does not show that she did so. A third count involves D.S., 13 years of age. The presentence report indicates that on a number of occasions defendant had sexual contact with her and threatened to kill her if she revealed the incidents. The presentence reports are not clear whether a weapon was used to coerce submission by D.S.
Defendant was sentenced to three concurrent indeterminate terms, with a maximum of three years, to the Adult Diagnostic and Treatment Center at Avenel. We agree that N.J.S.A. 2C:24-4 is the offense congruent to N.J.S.A. 2A:96-3 and that it applies to G.B. and S.M., because as to them there is no evidence of sexual contact as defined in N.J.S.A. 2C:14-1 et seq. There is, however, proof of such contact in the case of D.S. Since the presentence report did not show definitely that a weapon was used for the purpose of causing the sexual contact with D.S., we obtained the statement she gave to the police. We are convinced from it that a knife was used to force her to comply.
We, therefore, conclude that the congruent offense as to D.S. is not N.J.S.A. 2C:24-4, but N.J.S.A. 2C:14-3 a, which describes "Aggravated Criminal Sexual Contact" and makes it a crime of the third degree carrying a possible penalty of five years. N.J.S.A. 2C:14-3 a reads:
a. An actor is guilty of aggravated criminal sexual contact if he commits an act of sexual contact with a victim under any of the circumstances set forth in 2C:14-2 a(2) through (6).
Aggravated criminal sexual contact is a crime of the third degree.
*104 When the actor is armed with a weapon and "threatens by word or gesture to use the weapon" the crime is aggravated criminal sexual contact (N.J.S.A. 2C:14-2 a(4)). In this case, as to D.S., this is what happened. The congruent offense therefore entails a penalty greater than that which was imposed upon defendant.
In coming to this conclusion we have considered whether we have a right to make factual findings on the basis of documentary evidence such as that described above. We are aware that in the resentencing process defendants may have "conditional liberty" interests[1] which entitle them to some aspect of due process protection. People v. Ramirez, 25 Cal.3d 260, 599 P.2d 622, 158 Cal. Rptr. 316 (Sup.Ct. 1979). But the question here is not whether the defendant is guilty, but whether he is entitled to be resentenced. We have on other occasions noted the right of a person convicted under 2A to be resentenced under 2C, is in a sense largess of the State which need not have been given. It is incumbent upon him to demonstrate that he qualifies for the requested relief. Nevertheless, he is entitled to fair treatment. While his application is not part of the original sentencing process, if he is resentenced under N.J.S.A. 2C:1-1 d(2) it must be as if he were convicted under the New Jersey Code of Criminal Justice. Therefore, it is reasonable to apply the rules set forth in State v. Kunz, 55 N.J. 128, 40 A.L.R.3d 659 (1969). He is entitled to a hearing with the right to present testimony, if he requests it. But he is not entitled to a full trial.
The reasons for denying such a trial are apparent: expense, loss of witnesses, impairment of recollection. Time consumed in a trial would further aggravate calendar problems.
The conclusion to which one must come is that the Legislature intended the courts to adopt a practical method for determining *105 the congruence of pre-Code and post-Code offenses. That practical method consists of examining all the sentencing documents, including probation reports, defendant's statements at time of plea, statements at allocution, hearing the defendant and affording him assistance of counsel, and the sentencing judge's comments at time of sentencing.
It is not to be anticipated that these will be free of controversy. Often the presentence report contains both the official police report and the defendant's version of the crime, not infrequently at variance. From this, and such additional material as the resentencing panel reasonably considers applicable, a factual finding can be made as to which Code offense is most congruent with the crime of which the defendant was convicted.
Is the defendant entitled to more, on the assumption that he is entitled to due process?
... the concept of due process of law is not inflexible or uniformly mechanistic in its application to every situation. Cafeteria Workers v. McElroy, 367 U.S. 886, 894-895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). A litigant is not entitled to a plenary hearing in all circumstances. See, e.g., Elizabeth v. Sullivan, 125 N.J. Super. 569, 573 (App.Div. 1973). In Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the court noted that the concept of due process is flexible and calls for such procedural protections as the particular situation demands. [Sprague v. Glassboro State College, 161 N.J. Super. 218, 226 (App.Div. 1978)]
While Sprague is authority in the area of administrative law, there are instances of interaction between the rights of criminals and administrative law in which a fair examination of the facts, but less than a full trial, comports with due process. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), Monks v. N.J. Parole Board, 58 N.J. 238 (1971), and Beckworth v. N.J. Parole Board, 62 N.J. 348 (1973), involving rights on parole release hearings, and Avant v. Clifford, 67 N.J. 496, at 530-531, ftnt. 27 (1975), involving disciplinary prison hearings. This procedure, albeit summary in nature, would *106 conform to requirements of a revocation hearing on charges of violation of parole or probation. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); State v. Generoso, 156 N.J. Super. 540, 545-546 (App.Div. 1978); see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See L. 1979, c. 441, § 19 b, N.J.S.A. 30:4-123.63 b. It gives the applicant assistance of counsel, a right which he does not have at a parole revocation hearing (see Greenholtz v. Nebraska Penal Inmates, supra; Monks and Beckworth, supra; cf. Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980)  prisoner's rights on transfer from a penal to a psychiatric facility) surely as significant as a resentencing application. Finally, he would receive a statement of reasons (R. 3:21-4(e)), plus the right of appeal, N.J.S.A. 2C:44-7.
We, therefore, conclude that the application for resentencing must be denied.
NOTES
[1] See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668, 674 (1979)