175 N.J. Super. 93 (1980)
417 A.2d 1055
STATE OF NEW JERSEY, PLAINTIFF,
v.
JEROME M. EPSTEIN, DEFENDANT.
Superior Court of New Jersey, Resentencing Panel.
Decided March 18, 1980.
*95 Before Judges MARZULLI and YANOFF.
Richard P. Rodbart, Assistant County Prosecutor, for plaintiff (John H. Stamler, Union County Prosecutor, attorney). Elliott L. Pell for defendant (Sills, Beck, Cummis, Radin & Tischman, attorneys).
The opinion of the court was delivered by YANOFF, J.S.C.
After a jury trial defendant, together with others, was found guilty under Indictment 1528-74 of conspiracy, and under Indictment 1394-74 of 101 counts of receiving stolen property over the value of $500. Under Indictment 1528-74 he was sentenced to New Jersey State Prison to a 1-3-year term, and under Indictment 1394-74 he was sentenced on count 201 to a 1-3-year term, and on count 202 to a 1-3-year term, the three terms to run consecutively, so that defendant's aggregate sentence was three-to-nine years. He was also sentenced to a term of 1-3-years on each of counts 203, up to and including count 286, and on counts 90 through and including 297, and also on counts 299, *96 300, 301, 304, 305, 308 and 313 to a term of 1-3-years, all sentences under these counts to run concurrently with the other sentences. In addition, a separate fine of $500 was imposed on each count.
Defendant is presently incarcerated in New Jersey State Prison. Indictment 1528-74 charged him and others of having "unlawfully conspired ... to embezzle, steal, carry away and receive the property of Exxon Company, U.S.A....." [emphasis added]. The overt acts charged began on or about February 1969 and continued to March 18, 1975. The statute alleged in Indictment 1528-74 was N.J.S.A. 2A:98-1 (conspiracy); in Indictment 1394-74 N.J.S.A. 2A:119-2(A) (larceny), which constitutes larceny of $500 or more and is a high misdemeanor; N.J.S.A. 2A:102-5 (embezzlement by employees, etc.), and N.J.S.A. 2A:139-1 (receiving stolen property), under which receipt of property of the value of $500 or more is a high misdemeanor. The penalty for conspiracy under N.J.S.A. 2A:98-1, except in cases involving controlled dangerous substances, was three years. The penalty under the receiving counts was seven years. Thus, theoretically, for the 102 counts of receiving stolen property, defendant could have received an aggregate sentence of 714 years, and for the conspiracy charge a sentence of three years, so that he was exposed to a possible sentence of 717 years.
Defendant applied for resentencing under N.J.S.A. 2C:1-1d(2), on the theory that the conspiracy charge was for the same substantive offense as that for which he had been convicted, namely, receiving stolen goods, and that under N.J.S.A. 2C:1-8 a(2) he may not be convicted of both the conspiracy and the substantive charge, and therefore this offense has been eliminated by the Code, in consequence of which he was entitled to be resentenced.
He argued also that under N.J.S.A. 2C:1-1 c(2) he was entitled to be resentenced because his case was pending on the effective date of the Code, September 1, 1979.
N.J.S.A. 2C:1-1 c(2) provides:

*97 c. In any case pending on or initiated after the effective date of the code involving an offense committed prior to such date:
........
(2) The court, with the consent of the defendant, may impose sentence under the provisions of the code applicable to the offense and the offender.
N.J.S.A. 2C:1-1 d(2) provides:
(2) Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been eliminated by the code or who has been sentenced to a maximum term of imprisonment for an offense committed prior to the effective date which exceeds the maximum established by the code for such an offense and who, on said effective date, has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown as though the person had been convicted under the code, except that no period of detention or supervision shall be increased as a result of such resentencing.
We dispose first of the contention that defendant is entitled to be resentenced under N.J.S.A. 2C:1-1 c(2).
The authority of the Resentencing Panel stems from court directives, dated October 18 and November 29, 1979. Both directives refer only to N.J.S.A. 2C:1-1 d(2). The Panel has no other authority. Applications for resentencing under N.J.S.A. 2C:1-1 c(2) must be made to the judge who imposed the original sentence under R. 3:21-10. In this case defendant's convictions were affirmed by the Appellate Division and certification denied by the Supreme Court. State v. Epstein, 81 N.J. 348 (1979) A motion for reconsideration of sentence was made to the sentencing judge and denied. This aspect of defendant's motion, therefore, is denied.
We express no opinion on defendant's right to apply to the sentencing judge for reconsideration of sentence pursuant to N.J.S.A. 2C:1-1 c(2) under R. 3:21-10.
Defendant was represented by counsel, appeared before the Panel and had full opportunity both by way of oral argument and brief to present his position.
We conclude that defendant is not facially eligible for resentencing for reasons hereafter stated, and also that in any event he has not demonstrated good cause.
N.J.S.A. 2C:1-8 a(2) reads:

*98 (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
........
(2) One offense consists only of a conspiracy or other form of preparation to commit the other; ....
His attorney argues correctly that under this provision of the Code a person may not be convicted of and sentenced on both conspiracy to commit a crime and the substantive crime itself. The problem with the argument is that the conspiracy charge was based not only upon allegations of a conspiracy to receive stolen goods, but to embezzle and steal property of the value of over $500. Reference to the overt acts recited in the indictment (1528-74) shows that many of them involved, not the receipt of stolen property, but the actual stealing or embezzlement of stolen property in which the applicant played a role either as a principal or as aider and abettor. There is no way to determine whether the jury convicted defendant of conspiracy to commit larceny, embezzlement or receiving stolen goods. Under the statutory scheme which prevailed prior to the enactment of the Code, the crime of conspiracy was separate and apart from the substantive offense. State v. Oats, 32 N.J. Super. 435 (App.Div. 1954); State v. Yormark, 117 N.J. Super. 315 (App.Div. 1971). The essence of conspiracy is the illegal agreement. State v. LaFera, 35 N.J. 75, 86 (1961); State v. Sherwin, 127 N.J. Super. 370, 382 (App.Div. 1974), pet. dism. Loughran v. New Jersey, 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974). The Code did not change this rule.
... it is well settled that an indictment charging as the object of the conspiracy the violation of a number of statutes is sustained by proof of conspiracy to violate any one of them. [Short v. U.S., 91 F.2d 614, 622, 4 Cir. Va. 1937]
Accord, Braverman v. U.S., 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942).
It is incumbent upon defendant to establish that the conspiracy charge was for the same substantive offense as that for which he was convicted. The fact that he was convicted of receiving stolen goods does not show that he conspired only to *99 receive stolen goods. The Appellate Division, in affirming the conviction, said:
We believe the state's case ... clearly presents a case of a single comprehensive conspiracy to steal oil from Exxon with the incentive of per gallon payoffs by the Epstein organization at the core of it. [Emphasis supplied]
Therefore, on the facts before us, the conspiracy charge has not been eliminated by the Code.
Under the receiving counts defendant does not facially meet the requirement of showing that the sentence imposed upon him was greater than the maximum for the equivalent offense under the Code. The congruent offense is N.J.S.A. 2C:20-7, entitled "Receiving Stolen Property." Under N.J.S.A. 2C:20-2 b(2)(a) this is a crime of the third degree if the amount involved exceeds $500. The maximum sentence which may be imposed under the Code for a crime of the third degree is five years (N.J.S.A. 2C:43-6 a(3)). Thus defendant, on the receiving charges, received a term less than that which could have been imposed had he been convicted for the equivalent offense under the Code.
N.J.S.A. 2C:5-4 a provides "... conspiracy is a crime of the same degree as the most serious crime which is the object of the conspiracy." Unquestionably the conspiracy involved embezzlement or larceny or receiving stolen property far in excess of $500. Each of these offenses under the Code is under the category of theft, and a crime of the third degree, bearing a five-year sentence. N.J.S.A. 2C:20-2 b(2)(a). His sentence for three years on the conspiracy charge is less than he could have received for the offense under the Code.
Section 2C:1-1 d(2) states clearly that an applicant for resentence must meet two thresholds: first, whether the sentence imposed exceeds the maximum for the congruent offense under the Code; second, whether he has shown good cause.
The right to apply for resentence under the Code is one that is not constitutionally required. No other state which was adopted a version of the Model Penal Code has enacted such a provision. Persons violating a penal law prior to its amendment may be convicted under the old law, even after the effective *100 date of the amendment. N.J.S.A. 1:1-15, N.J.S.A. 2C:1-1 b. State v. Low, 18 N.J. 179 (1955); State v. Baechlor, 52 N.J. Super. 378 (App.Div. 1958); State v. Duswalt, 153 N.J. Super. 399 (App.Div. 1977); 2 Commentary the New Jersey Penal Code (1971), 1. Cases in other states are consistent with this general principle. See Stevenson v. Mathews, 529 F.2d 61 (7 Cir.1976), cert. den. 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976) (statute permitting appeal from ruling on suppress motion not retroactive); State v. Jensen, 251 N.W.2d 182 (N.Dak.Sup.Ct. 1977) (old law controls unless defendant elects to be bound by new criminal code); People v. Myers, 35 Ill.2d 311, 220 N.E.2d 297 (Sup.Ct. 1966), cert. den. 385 U.S. 1019, 87 S.Ct. 752, 17 L.Ed.2d 557 (1967) (law as to insanity defense at time of offense controls, not insanity definition under new code). Contra, Oberlin v. State, 9 Md. App. 426, 265 A.2d 275 (Ct.App. 1970)  but not on constitutional grounds. Cf. Commonwealth v. Pickett, 244 Pa.Super. 433, 368 A.2d 799 (Super.Ct. 1976) (new law may not criminalize prior noncriminal conduct). Since the right to be resentenced is one the Legislature was not obligated to confer, it had the right also to condition the grant of relief. It chose to require that the applicant show not merely that he has been sentenced for a term which exceeds the maximum under the Code, but that he demonstrate "good cause."
The history of N.J.S.A. 2C:1-1 d(2) supports our conclusion that the court is invested with power to determine whether good cause for resentencing has been shown. In 1971 the Criminal Law Revision Commission issued a final draft of a proposed New Jersey Code of Criminal Justice, based upon the Model Penal Code. The Code now in force has its origin in Senate Bill 738, introduced on January 26, 1978. When introduced it provided in § 1-1 d(2):
(2) Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date and who, on said effective date, has not had his sentence suspended or been paroled or discharged may move to have his sentence reviewed by the sentencing court and the court shall impose a new sentence as though the person had been convicted under the code, except that no period of detention or supervision shall be increased as a result of such resentencing. [Emphasis supplied]
*101 This meant that all persons incarcerated for a 2A offense could move to be sentenced as if convicted under the Code. Probably because the burden involved in resentencing thousands of people under imprisonment would have paralyzed the judicial system, this section was amended into its present form. It is notable that the amendment added the words "for good cause shown." While, in general, legislative discussion which can be used in interpretation of the Code is virtually nonexistent, a statement of the Senate Judiciary Committee with respect to this amendment provides assistance in its interpretation.
By Judiciary Committee amendment, a provision of the Code which would have permitted any person imprisoned on the effective date of the code, to move to have his sentence reviewed and to be sentenced as if he had been sentenced under the Code, was changed to permit such review only if the person was imprisoned for any offense decriminalized by the Code or was sentenced to a maximum term of imprisonment which exceeds the maximum established by the Code for such an offense. In either case, the imposition of a new sentence would be discretionary rather than mandatory [emphasis supplied] [Statement of Senate Judiciary Committee to S738, May 15, 1978, at 1-2]
There is obvious difficulty in creating a verbal formula which defines "good cause," but the problem is not nearly so great in determining lack of good cause. In our view, this case falls well within the discretion conferred by the concept of "good cause." Applying the aggravating and mitigating factors listed in N.J.S.A. 2C:44-1, it may well be that the harm inflicted on the victim, in this case a very large oil company, was not serious from the standpoint of the victim, and also there is no risk that defendant will commit another offense (N.J.S.A 2C:44-1 a(3)), but it must be noted that "the defendant took advantage of a position of trust or confidence" to commit the various offenses (N.J.S.A. 2C:44-1 a(4)) and also, that in all likelihood, the consequence will be an increased price of fuel. The crimes committed by defendant necessitated corruption by bribery of employees of the victim. As to this defendant was either a principal or an aider and abettor. Defendant also makes no note of N.J.S.A. 2C:44-1 a(9), "The need for deterring the defendant and others from violating the law." These crimes were committed over a long period, pursuant to a well-organized system, between 1969 and 1975. "White collar" crimes, no less *102 than crimes of violence, require deterrence by judicial disapproval. See State v. Sherwin, supra.
Finally, it must be observed that defendant received very fair, probably lenient, treatment from the sentencing judge, in view of the exposure under his convictions. While this is by no means decisive, it is an element which enters into the determination of whether there is good cause.
We have held in other cases that where a defendant is sentenced under several counts and receives concurrent sentences for numerous other offenses, he cannot establish good cause. This is an egregious case. It would be inconsistent with numerous other decisions of this Panel if we were to rule otherwise here.
An appropriate order will be entered.