175 N.J. Super. 334 (1980)
418 A.2d 1287
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN MCDERMOTT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 29, 1980.
Decided August 15, 1980.
*336 Before Judges KING, FRANCIS and GREENBERG.
Mark D. Sperber, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender of New Jersey, attorney; John H. Ratliff, Assistant Deputy Public Defender, of counsel and on the brief).
Carol M. Henderson, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
Defendant appeals from a denial of his motion for resentencing by the three-judge panel. See 104 N.J.L.J. 489 (December 6, 1979). The facts are as follows:
Monmouth County Accusation A-787-72 charged defendant John McDermott with 71 counts of breaking and entering with intent to steal, contrary to the provisions of N.J.S.A. 2A:94-1; 59 counts of petty larceny, in violation of N.J.S.A. 2A:119-2, and 12 counts of grand larceny, contrary to the provisions of N.J.S.A. 2A:119-2. McDermott entered guilty pleas to these charges. On April 23, 1973 he was sentenced by Judge Yaccarino to State Prison for a term of five to seven years on each count of breaking and entering, a concurrent term of two to three years on each count of petty larceny and a concurrent term of five to seven years on each count of grand larceny.
*337 On January 11, 1974 McDermott moved to reduce his sentence pursuant to R. 3:21-10(b)(1) and requested that he be transferred into a drug treatment program. Judge Yaccarino granted McDermott's motion, vacated his original sentence on Accusation A-787-72 and imposed a new sentence on defendant. McDermott was sentenced to New Jersey State Prison for a term of six to seven years on each of the 71 counts of breaking and entering, to be served concurrently with each other; six to seven years on each of the 12 counts of grand larceny, to be served concurrently with each other but consecutive to the sentences on the breakings and enterings, and two to three years on each of the 59 counts of petty larceny, to be served concurrently with each other and consecutive to the sentences for the other crimes. These sentences were suspended and McDermott was placed on ten years' probation on the condition that he enter a drug treatment program.
On May 14, 1976 McDermott was found guilty of violating his probation; Judge Yaccarino revoked his probation and ordered that he begin serving the suspended sentences imposed upon him on January 11, 1974. These sentences were to run consecutively to the sentences imposed on Indictment 179-75.
Monmouth County Indictment 179-75 charged McDermott in five counts with four separate residential breakings and enterings with intent to steal on August 18, 1975, contrary to the provisions of N.J.S.A. 2A:94-1 (counts I through IV), and larceny of property in excess of $200 but less than $500, in violation of N.J.S.A. 2A:119-2 (count V). A jury trial was held on April 1, 5 and 6, 1976 before Judge Arnone, and a guilty verdict was reached on all counts. On May 14, 1976 Judge Arnone sentenced McDermott to New Jersey State Prison for three consecutive terms of three to five years on counts I, II, III; a concurrent term of three to five years on count IV and a concurrent term of two to three years on count V. A notice of appeal on Indictment 179-75 was filed on May 17, 1976. On April 6, 1977 this court affirmed McDermott's conviction in a per curiam opinion.
On October 1, 1979 McDermott made a motion for resentencing pursuant to N.J.S.A. 2C:1-1d(2), on Indictment 179-75. *338 This motion was denied by Judge McGann, on the grounds that McDermott did not meet the jurisdictional requirements of N.J.S.A. 2C:1-1(d)(2).
On January 8, 1980, pursuant to the New Jersey Supreme Court's order of November 29, 1979 McDermott made a motion for resentencing on both Accusation 787-72 and Indictment 179-75 before the three-judge panel. His motion was denied.[1] Under that accusation defendant had pleaded guilty to breaking and entering the 71 residences, committing 59 petty larcenies and 12 grand larcenies from November 1971 through December 1972, as previously noted. With respect to McDermott's conviction under Indictment 179-75, it was proved at trial that on August 18, 1975 he broke and entered four different residences in the Green Grove Gardens apartment complex in Keyport and stole a diamond pendant and chain valued at $360, and two watches valued at $90.
Defendant claims that it was fundamentally unfair for the resentencing panel to conduct only one hearing on the issue of whether there was "good cause" to modify his original sentence under N.J.S.A. 2C:1-1d(2) on his motion for resentencing. He contends that had he known that the resentencing panel would require him to show "good cause," he would have been better prepared to meet his burden.
All resentencing motions made pursuant to N.J.S.A. 2C:1-1(d)(2) are addressed to the sound discretion of the three-judge panel which was established by the New Jersey Supreme Court to hear and decide all such motions. See "Notice to the Bar", 104 N.J.L.J. 369 (October 25, 1979). The authority for the panel's resentencing power derives from the Supreme Court's directives and also from the statute which limits the jurisdiction of the court to cases where a defendant's prior offense has been *339 eliminated by the new Code or where the maximum sentence a defendant is serving exceeds the maximum established for such an offense under the new Code. N.J.S.A. 2C:1-1d(2).
A motion for resentencing is a two-step process involving first the jurisdictional question and second the issue of "good cause." State v. Epstein, 175 N.J. Super. 93 (Resentencing Panel 1980)[2]; State v. Cavanaugh, 174 N.J. Super. 90, 98 (Resentencing Panel 1980); State v. Bottigliero, 174 N.J. Super. 101, 104 (Resentencing Panel 1980). The three-judge resentencing panel has the authority to establish the procedures it believes are necessary to the fair and efficient disposition of the many resentencing motions which have been made. No statute, court rule or regulation requires the three-judge panel to conduct separate hearings on the jurisdictional and good cause requirements of the resentencing provisions, N.J.S.A. 2C:1-1d(2). Moreover, none of the recent decisions by the resentencing panel requires that two hearings be conducted on each motion. Instead, recent resentencing decisions take a flexible approach reviewing each case on its own merits. State v. Cavanaugh, supra, 174 N.J. Super. at 99. Thus, we conclude that McDermott had no legal right to more than one hearing on the issue of "good cause."
McDermott did not sustain his burden of proof on the issue of "good cause" for resentencing. He should have made his "good cause" arguments when he filed his original motion. Indeed, McDermott was well aware of the fact that resentencing motions could be denied without a plenary hearing since he had already made a motion for resentencing under Indictment 179-75 which had been denied without such hearing. More importantly, McDermott's counsel was asked at the argument on the motion how McDermott would establish "good cause" but was unable to advance a persuasive argument on that issue.
*340 The resentencing panel's opinion on the motion detailed the reasons for the denial of the motion. They included McDermott's criminal record, the serious character and number of his crimes of housebreaking and theft, his failure to take advantage of the opportunity he had been given to cure his drug problem and to rehabilitate himself, his violation of probation and the panel's belief that he would commit more crimes were he given the chance to do so. The panel also properly weighed the factors in N.J.S.A. 2C:44-1 and determined that the aggravating factors substantially outweighed the mitigating ones before denying the motion. Defendant does not have any constitutional right to be released prematurely. The possibility of resentencing is simply a hope that some benefit will be obtained and not a legally protected due process expectation. State v. Epstein, supra, 175 N.J. Super. at 99; State v. Bottligliero, supra, 174 N.J. Super., at 104. See Greenholtz v. Inmates of Nebraska Penal & Cor., 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979).
In deference to defendant's contention that he was prejudiced by his inability to show "good cause" at his application for resentencing we have favorably entertained his application to file pro se materials on this appeal pertinent to that issue. In substance, these materials contend that he has performed well in his institutional setting and has achieved rehabilitation from his criminal tendencies. We hold that this is not a relevant showing of "good cause" under N.J.S.A. 2C:1-1d(2); such contentions are more appropriate for consideration by the Parole Board at the proper time. L. 1979, c. 441, § 9(a).[3]
Affirmed.
NOTES
[1] Under N.J.S.A. 2C:18-2b of the new Code, entering a building with intent to steal is a crime of the third degree punishable up to a maximum of five years. See N.J.S.A. 2C:43-6a(3). Under the former criminal code, breaking and entering a building with intent to steal was a high misdemeanor punishable by a maximum of up to seven years. N.J.S.A. 2A:94-1; N.J.S.A. 2A:85-6.
[2] In Epstein Judge Yanoff pointed out the paucity of available history on the question of the Legislature's intent when it created the discretionary "good cause" standard for resentencing. Id. at 100-101.
[3] The criterion for release on parole is set forth in the Parole Act of 1979 as follows: "An adult inmate shall be released on parole at the time of parole eligibility, unless information supplied in the report filed pursuant to section 10 of this act or developed or produced at a hearing held pursuant to section 11 of this act indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time. In reaching such determination, the board panel or board shall state on the record the reasons therefor."