STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HENRY STYPULKOWSKI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 12, 1980—Decided December 2, 1980.

Before Judges FRITZ, POLOW and JOELSON.

*Stanley C. Van Ness*, Public Defender, attorney for appellant (*M. Virginia Barta*, Assistant Deputy Public Defender, of counsel and on the brief).

*John J. Degnan*, Attorney General of New Jersey, attorney for respondent (*Donald S. Coburn*, Essex County Prosecutor, of counsel; *Mark H. Genser*, Assistant Essex County Prosecutor, on the brief.)

The opinion of the court was delivered by

JOELSON, J. A. D.

Defendant appeals the denial by the Resentencing Panel [1] of his motion for resentencing. We affirm.

Defendant raises two points:

1. Defendant's motion should be granted because the record shows good cause.
2. The panel clearly erred and considered improper factors in finding lack of good cause.

Defendant was indicted on ten charges of entering with intent to steal, in violation of *N.J.S.A.* 2A:94–1, and seven charges of larceny, in violation of *N.J.S.A.* 2A:119–2. As the result of plea negotiations he pled guilty to two counts of entering with intent to steal. It was agreed that the remaining indictments or counts of indictments were to be dismissed. He was sentenced to two concurrent terms of five to seven years in State Prison.

Under *N.J.S.A.* 2C:1–1 d(2) a defendant who has been sentenced to a maximum term of imprisonment for an offense prior to the effective date of the New Jersey Code of Criminal Justice

---

[1] Established by Supreme Court directives on October 18 and November 29, 1979.  104 *N.J.L.J.* 369.

which exceeds the maximum established by the Code for such an offense may move to have his sentence reviewed. Under that statute "the court may impose a new sentence for good cause shown as though the person had been convicted under the code . . . ."

It is undisputed that *N.J.S.A.* 2C:18–2 of the Code deals with the same offense as *N.J.S.A.* 2A:94–1, on which defendant was sentenced. It is also undisputed that under *N.J.S.A.* 2C:43–6 a(3) the penalty fixed for the offense is "between 3 years and 5 years," whereas prior to the effective date of the new Code the maximum penalty allowable for the offense under *N.J.S.A.* 2A:85–6 was seven years imprisonment.

The State argues that defendant was not entitled to be heard on his application for resentence because under *N.J.S.A.* 2C:43–6 a(3) he was exposed to a maximum of ten years if his sentences were imposed consecutively. However, since the sentence actually imposed on defendant for one offense exceeded the maximum penalty allowable for that same one congruent offense under the Code, defendant was eligible to have his motion for resentence considered.

The remaining questions center around whether the Resentencing Panel erred in finding that defendant failed to show "good cause," as required by *N.J.S.A.* 2C:1–1 d(2). In making its determination the panel properly took into consideration defendant's bad prior record, and his maximum exposure under the Code of ten years imprisonment on both charges, as well as the fact that numerous other charges against him were dismissed pursuant to plea negotiations. *Cf. State v. Marzolf,* 79 *N.J.* 167 (1979). It supplemented its oral opinion by referring to *State v. Epstein,* 175 *N.J.Super.* 93 (Resent. Panel 1980). In that case the panel concluded properly that it possesses the authority to determine whether good cause for resentencing has been shown, citing a statement of the Senate Judiciary Committee that the imposition of a new sentence is discretionary rather than mandatory. *Id.* at 101.

The "good cause" concept in resentencing under *N.J. S.A.* 2C:1–1 d(2) necessarily involves discretion, just as does the original sentence itself where there is wide judicial discretion. *State v. Knight,* 72 *N.J.* 193, 194 (1976). The scope of appellate review is normally limited to the question of whether that discretion has been abused by the imposition of a sentence which is manifestly excessive. *State v. Leggeadrini,* 75 *N.J.* 150, 157 (1977). The power of an appellate court to modify a criminal sentence is one which should be exercised sparingly and only upon clear showing of abuse of discretion. *State v. Whitaker,* 79 *N.J.* 503, 512 (1979). We see no reason why the holdings in *Knight, Leggeadrini* and *Whitaker* should not apply with equal logic to an appeal from a motion to resentence under *N.J.S.A.* 2C:1–1 d(2) involving the question of good cause. We find no abuse of discretion by the Resentencing Panel.

Affirmed.