STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JEROME M. EPSTEIN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 3, 1981—Decided February 20, 1981.

Before Judges MATTHEWS, MORTON I. GREENBERG and ASHBEY.

*Arthur J. Sills* argued the cause for appellant (*Sills, Beck, Cummis, Radin & Tischman,* attorneys; *Arthur J. Sills* of counsel and on the brief; *Elliott Louis Pell* on the brief).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General, attorney; *Carol M. Henderson* and *Debra L. Stone,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MORTON I. GREENBERG, J. A. D.

Defendant appeals from an order of the Superior Court, Law Division, acting through the Resentencing Panel established by the Supreme Court to implement the provisions of *N.J.S.A.* 2C:1–1 d(2). See 104 *N.J.L.J.* 369 (1979); 104 *N.J.L.J.* 489 (1979). The order was entered following a written decision of the panel. *See* 175 *N.J.Super.* 93 (1980).

The background of the case is set forth in the decision of the Resentencing Panel. Defendant was convicted of conspiracy under an indictment charging him with conspiracy "to embezzle, steal, carry away and receive the property of Exxon Company, U. S. A. . . . ." *N.J.S.A.* 2A:98–1. He was also convicted of 101

counts of receiving stolen property of a value of over $500. *N.J.S.A.* 2A:139--1. On January 21, 1977 he was sentenced to a term of not less than one nor more than three years for conspiracy and to 101 terms of not less than one nor more than three years for receiving stolen property. The sentence on the conspiracy count and two of the sentences on the receiving counts were made consecutive. The sentences on the other receiving counts were made concurrent with each other and the other three sentences. Thus the effective length of defendant's sentence was not less than three nor more than nine years.[1]

Defendant appealed but his convictions were affirmed by us on May 22, 1979.[2] On September 1, 1979 the New Jersey Code of Criminal Justice (hereinafter the Code), *N.J.S.A.* 2C:1--1 *et seq.*, became effective. On October 2, 1979 the Supreme Court denied defendant's petition for certification. 81 *N.J.* 348 (1979). Defendant then moved in the Law Division before the sentencing judge for a reconsideration of sentence. *R.* 3:21–10(a). His motion was denied by that judge by order entered November 8, 1979. We are aware of no appeal having been taken from that denial.

Defendant next filed a motion dated December 6, 1979 with the Resentencing Panel, asking for resentencing under the Code. His moving papers recited that they were filed pursuant to *R.* 3:21--10(b)(4). The Resentencing Panel scheduled a hearing on his application for January 22, 1980. Defendant's counsel appeared on that date but defendant himself was not present.[3] The panel determined that its jurisdiction was limited to appli-

---

[1]Defendant was also fined a total of $51,000 but the fine is not significant on this appeal.

[2]The record before us does not contain a copy of the decision. This date is set forth in defendant's brief. The State asserts that the date was May 23, 1979. The discrepancy cannot affect our result.

[3]The opinion of the Resentencing Panel recites that defendant was present. 175 *N.J.Super.* at 97. We are satisfied, however, from the presentation on this appeal, that that statement was erroneous.

cations under *N.J.S.A.* 2C:1–1 d(2) and that defendant was not "facially eligible for resentencing." 175 *N.J.Super.* at 97. The panel stated that any application for resentencing under *N.J. S.A.* 2C:1–1 c(2) should be addressed to the judge who imposed the original sentence. 175 *N.J.Super.* at 97.

*N.J.S.A.* 2C:1–1 d(2) provides for resentencing when a defendant is under sentence of imprisonment on the effective date of the Code for a pre-Code offense. If the offense has been eliminated by the Code or if the maximum sentence imposed exceeds the maximum established by the Code for the offense, a defendant whose sentence has not been suspended or who has not been paroled or discharged may move to have his sentence reviewed and for good cause shown may be resentenced under the Code. *See State v. Maguire,* 84 *N.J.* 508, 511 (1980).

The panel reasoned that defendant was not entitled to be resentenced under *N.J.S.A.* 2C:1–1 d(2) because the conspiracy of which he had been convicted had not been shown to have been eliminated by the Code. It acknowledged that even though under the Code a person may not be convicted of both a conspiracy to commit a substantive crime and the crime itself, *N.J.S.A.* 2C:1–8 a(2), defendant had not shown that such statutory merger was applicable in his case. The panel pointed out that the conspiracy alleged in the indictment was broader than the substantive crime of which defendant had been convicted. Thus it decided that the conspiracy charge had not been eliminated under the Code. 175 *N.J.Super.* at 99. It also held that the maximum sentences under the Code for the substantive crimes of which defendant had been convicted exceeded the sentences imposed on those counts. *Ibid.* Accordingly, defendant was not facially eligible for resentencing. *See State v. McDermott,* 175 *N.J.Super.* 334, 339 (App.Div.1980). Finally, the panel made an analysis of defendant's crime and determined that he had not shown good cause for resentencing. Thus defendant's application was denied on two grounds. An order denying defendant's application for resentencing was entered on March 31, 1980.

Defendant then moved before the trial judge to amend the judgment of conviction on the conspiracy count. The judge granted this motion and on May 7, 1980 signed an order amending the judgment from "guilty on count 1" to "guilty of conspiracy to receive stolen goods on count 1." There is no indication in the record that the State appealed from that order. Defendant sought this order to establish that the conspiracy was to commit the substantive crime of which he had been convicted.

Thus, if the case had been tried under the Code, defendant could not have been convicted or sentenced for both of these charges. *N.J.S.A.* 2C:1–8 a(2). Defendant expected that the amendment of the judgment on the conspiracy count would result in a ruling that the conspiracy charge had been "eliminated by the code." *N.J.S.A.* 2C:1–1 d(2). But defendant did not seek a rehearing from the panel after the judgment was amended. Rather, he appealed directly to us. By our order dated June 11, 1980 we allowed the record to be supplemented to include the amended judgment of conviction.

Defendant before us urges that he should have been permitted to appear personally before the panel to offer proofs of good cause for resentencing, that there was good cause to resentence him and that the panel had jurisdiction either because the crime of conspiracy for which he had been convicted was eliminated by the Code or, alternatively, his case was pending on the effective date of the Code.

We agree with the Resentencing Panel that it did not have power to resentence defendant under *N.J.S.A.* 2C:1 1 c(2) permitting sentencing under the provisions of the Code in cases pending on the effective date of the Code. The Resentencing Panel was originally established by a Supreme Court order of October 18, 1979 to hear "motions filed by persons under sentence of imprisonment on the effective date of the Code of Criminal Justice pursuant to *R.* 3:21 10(b)(4) for sentence review under the Code . . . ." See "Notice to the Bar," 104 *N.J.L.J.* 369 (1979). The order establishing the panel tracked the language of *N.J.S.A.* 2C:1 1 d(2). The order provided that

the panel was to hear "motions filed by persons under sentence of imprisonment on the effective date of the Code of Criminal Justice for sentence review under the Code." 104 *N.J.L.J.* 369 (1979). *N.J.S.A.* 2C:1·1 d(2) provides that "Any person who is under sentence of imprisonment on the effective date of the code ... may move to have his sentence reviewed ...." A subsequent order of the Supreme Court of November 29, 1979 made clear that any application under *N.J.S.A.* 2C:1-1 d(2) for resentencing be made to the panel. 104 *N.J.L.J.* 489 (1979). This second order expressly referred to *N.J.S.A.* 2C:1-1 d(2). Neither order of the Supreme Court mentioned *N.J.S.A.* 2C:1-1 c(2) or suggested that the panel could impose an original sentence. Rather, the panel's power was to "review" or "resentence." But *N.J.S.A.* 2C:1-1 c(2) permits imposition of an original sentence with the consent of the defendant in a case pending on the effective date of the Code. This power was plainly not vested in the panel. On the basis of the totality of these factors we hold that the Resentencing Panel correctly ruled that it did not have jurisdiction under *N.J.S.A.* 2C:1-1 c(2).[4] In the circumstances we need not decide if this matter was "pending" when defendant filed his motion with the Resentencing Panel. *See State v. Molnar*, 81 *N.J.* 475, 487–489 (1980).

We also hold that the conspiracy charge of which defendant was convicted, even as amended by the trial court order of May 7, 1980, was not "eliminated" by the Code. Conspiracy to receive stolen property is an offense under the Code. *N.J.S.A.* 2C:5-2 a. So is the receipt of the same stolen property. *N.J. S.A.* 2C:20-7. Thus, the Code does not preclude a defendant from being prosecuted for both offenses. It simply precludes conviction for both offenses when the same property is involved.

---

[4]The Resentencing Panel is, of course, not a separate division of the Superior Court. This court has three constitutionally established divisions, Appellate, Law and Chancery. *N.J.Const.* (1947), Art. VI, § III, par. 3. The Resentencing Panel may be properly regarded as a part within the Law Division. *Ibid.*

*N.J.S.A.* 2C:1–8 a(2). We think that an offense has been "eliminated" by the Code when conduct which has been unlawful becomes legal. The Code did not legalize any unlawful conduct of the defendant. We see no reason to read expansively the language of *N.J.S.A.* 2C:1–1 d(2) and to hold that a crime has been "eliminated by the code" simply because a defendant may not be convicted of it. As noted in *State v. Maquire, supra,* 84 *N.J.* at 528, the Legislature has "narrowly limited the eligible class" under *N.J.S.A.* 2C:1–1 d(2).

■ Finally, the Resentencing Panel did not have jurisdiction of defendant's application on the basis that his maximum sentence exceeded the maximum established by the Code for each of the three offenses for which his sentence was not suspended. Defendant received three consecutive sentences of not less than one nor more than three years for an aggregate sentence of three to nine years. As noted by the Resentencing Panel, each offense of which defendant was convicted would be a third degree crime under the Code, and accordingly the maximum sentence for each offense under the Code would be five years. *N.J.S.A.* 2C:20–7; *N.J.S.A.* 2C:20–2 b(2)(a); *N.J.S.A.* 2C:5–4 a; *N.J.S.A.* 2C:43–6 a(3).[5] Thus, whether the three offenses are considered individually or collectively the sentence defendant received was less than the maximum established by the Code. Accordingly, defendant could not obtain relief under *N.J.S.A.* 2C:1–1 d(2).

The result we reach seems to us to be consistent with a common sense construction of *N.J.S.A.* 2C:1–1 d(2). Even if we were to deem the conspiracy charge "eliminated" by the Code, defendant would still stand convicted of 101 offenses of receiving stolen property. Disregarding the counts on which sentence was suspended, defendant under the Code could receive a sentence of ten years. Such a term would exceed the sentence he

---

[5]This assumes that an extended term would not have been appropriate. *See N.J.S.A.* 2C:43–7; *State v. Maguire, supra,* 84 *N.J.* at 516.

received. In the circumstances it could hardly be suggested that the Code reflects such a societal change in attitude toward defendant's conduct that he should be eligible for resentencing.

In view of our decision that defendant was not eligible for resentencing under *N.J.S.A.* 2C:1–1 d(2) we need not determine whether the panel correctly ruled that he did not show good cause for resentencing and whether defendant had a right to appear before the panel to argue that he had such good cause.

Affirmed.