183 N.J. Super. 184 (1982)
443 A.2d 744
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED REED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1982.
Decided February 23, 1982.
*187 Before Judges FRITZ, ARD and TRAUTWEIN.
John M. Apicella, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender, attorney; Mary Ellen Shiever, Assistant Deputy Public Defender, of counsel and on the letter brief).
Victoria Curtis Bramson, Deputy Attorney General, argued the cause for respondent (James R. Zazzali, Attorney General, and John J. Degnan, former Attorney General, attorneys; Victoria Curtis Bramson, of counsel and on the brief).
The opinion of the court was delivered by ARD, J.A.D.
Defendant appeals from a judgment of resentence by the three-judge Resentencing Panel which was constituted by directive of the Supreme Court (see 104 N.J.L.J. 489 (December 6, 1979)). The primary issue presented to us is whether the congruent offense to forgery (N.J.S.A. 2A:109-1 a) is theft by deception (N.J.S.A. 2C:20-4) under the New Jersey Code of Criminal Justice effective September 1, 1980.
Defendant entered pleas of guilty to three counts in Monmouth County Indictment 216-78. On March 16, 1979 he was sentenced as follows:
Count I, forgery (N.J.S.A. 2A:109-1a)  five to seven years in State Prison;
Count II, uttering a forged instrument (N.J.S.A. 2A:109-1b)  three to five years in the State Prison concurrent with the sentence imposed on count I;
Count III, obtaining money under false pretenses (N.J.S.A. 2A:111-1 and N.J.S.A. 2A:85-5)  one to two years in the State Prison concurrent with the sentences imposed on counts I and II.
The facts are not in dispute. On August 7, 1978 defendant went into the First National Bank in Middletown and forged the name of the real depositor to a savings account withdrawal slip and attempted to withdraw $560. The teller recognized that defendant was not the depositor and called the police. The police came to the bank and arrested defendant. This transaction constituted the factual basis for the aforementioned guilty pleas to the three counts of the indictment.
*188 On December 10, 1979 defendant filed a motion for resentencing under N.J.S.A. 2C:1-1 d(2). In addition to Indictment 216-78, the motion included sentences on other indictments. However, at the hearing before the Resentencing Panel on February 20, 1980, defendant, represented by counsel, sought resentencing only on Indictment 216-78.
N.J.S.A. 2C:1-1 d(2) provides for the reduction or modification "for good cause shown" of sentences of imprisonment imposed prior to the effective date of the code for offenses which are eliminated or downgraded by the code. The pertinent portion of the aforementioned statute is as follows:
(2) Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been eliminated by the code or who has been sentenced to a maximum term of imprisonment for an offense committed prior to the effective date which exceeds the maximum established by the code for such an offense and who, on said effective date, has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown as though the person had been convicted under the code, except that no period of detention or supervision shall be increased as a result of such resentencing.
The Panel found "good cause," and that finding is not in dispute. Subsequently the Panel held the congruent offense for forgery was theft by deception, N.J.S.A. 2C:20-4 a. State v. Reed, 174 N.J. Super. 407, 410-411 (Resent. Panel 1980). Since defendant was apprehended at the time he was attempting to withdraw the $560, the Panel determined the crime was an attempted theft by deception. It reasoned:
... In this case the amount involved was $560 under the theft chapter an offense of the third degree (N.J.S.A. 2C:20-2b(2)(a), 2C:20-4a). An attempt to commit a third-degree crime is a crime of the same degree (N.J.S.A. 2C:5-4a). Thus, the maximum penalty to which defendant is exposed under the Code is five years for the forgery. Those aspects of the sentence under Indictment 216-78 which were concurrent are not significant. He is, therefore, entitled to be considered for resentencing and to be given the opportunity to demonstrate good cause[1] therefor under N.J.S.A. 2C:1-1d(2). [Id. at 411].
*189 After the determination on the congruent offense, defendant was resentenced on count 1 of Indictment 216-78 to a term of five years in the State Prison. The sentences originally imposed on the second and third counts were left undisturbed.
Defendant appeals and urges the following as error:
POINT I  The Resentencing Panel erroneously determined that certain forgeries should be graded pursuant to the provisions of N.J.S.A. 2C:20-2(b).
POINT II  Defendant's conviction for attempting to obtain money by false pretenses should be merged into his conviction for uttering a forged instrument.
POINT III  The sentence imposed on the violation of probation was illegal in that it violated N.J.S.A. 2A:164-6.[2]
At the outset we are satisfied that defendant's conviction of attempting to obtain money under false pretenses (count 3) should have been merged with the offense of uttering a forged instrument (count 2). Under the circumstances of this case defendant's activities in uttering the forged instrument and attempting to obtain money under false pretenses constitute a single offense. State v. Wright, 154 N.J. Super. 174, 181 (App. Div. 1977). Uttering a false instrument was a high misdemeanor (N.J.S.A. 2A:109-1). False pretenses was a misdemeanor (N.J.S.A. 2A:111-1). Accordingly, the lesser crime should give way to the greater, and we hold, with respect to counts 2 and 3 of Indictment 216-78, that only one conviction should remain, i.e., a conviction for uttering based on the allegations of count 2 of the indictment. The conviction and sentence on count 3 is vacated.
As indicated, the Resentencing Panel found that the congruent offense to forgery under N.J.S.A. 2A:109-1 a is theft by deception as defined in N.J.S.A. 2C:20-4. The Panel reasoned that forgeries are thefts, and therefore the statutory plan *190 dictated that the equivalent offense for forgery is to be found under chapter 20, "Theft and Related Offenses," and more particularly, theft by deception under N.J.S.A. 2C:20-4.
We disagree. In holding that the congruent offense for forgery was theft by deception, the Resentencing Panel relied on the following commentary of the New Jersey Criminal Law Revision Commission:
In preparing the Code, we have operated on the assumption that much of the desire for authenticity, previously covered by the law of forgery, is now better dealt with as forms of false pretense (i.e., theft) and fraud. Our new law remedying shortcomings in the law of theft, fraud, attempt, complicity and professional criminality diminish greatly the need for a separate forgery offense. The crime is conservatively drafted to avoid penalties disproportionate to those for fraud. Moreover, in the administration of forgery law, sentencing courts and parole boards should be alert to the potentiality of unfairness in cumulating convictions for forgery and fraud based on forgery. It would ordinarily be hard to justify punishing an employee more harshly for forging his employer's endorsement on a check than for stealing for [sic] $100 of the employer's cash. [Vol. II: Commentary 238 (1971); emphasis supplied] [State v. Reed, supra, 174 N.J. Super. at 409]
It then held that since the attempted theft by deception involved an amount over $500, the crime was a third degree crime. N.J.S.A. 2C:20-2 b(2)(a). The sentence range for a third degree crime is three to five years. N.J.S.A. 2C:43-6 a(3). They then sentenced defendant to five years on count 1.
The passage from the Commentary of the Criminal Law Revision Commission dealt with the rationale for the punishment imposed for forgery. Whether a particular provision is a congruent offense does not turn on the degree of punishment. In the instant case the State originally chose to prosecute defendant for forgery under N.J.S.A. 2A:109-1 a. The successor to the latter statute in the code is N.J.S.A. 2C:21-1 a. It is entitled "Forgery." We see no reason to go further in attempting to find the congruent or equivalent offense. The Historical Note under N.J.S.A. 2C:21-1 indicates its source is N.J.S.A. 2A:109-1, the original forgery statute.
The provision dealing with forgery under the Code is as follows:

*191 a. Forgery. A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
(1) Alters or changes any writing of another without his authorization or ratification;
(2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
(3) Utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2).
"Writing" includes printing or any other method of recording information, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege, or identification.
b. Grading of forgery. Forgery is a crime of the third degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments, certificates or licenses issued by the government, or part of an issue of stock, bonds or other instruments representing interest in or claims against any property or enterprise.
Otherwise forgery is a crime of the fourth degree. [N.J.S.A. 2C:21-1 a, b]
The elements of the offense under the repealed statute (N.J.S.A. 2A:109-1) charged in count 1 of the indictment and the elements of forgery under the present Code are substantially identical. We reached the ineluctable conclusion that the congruent offense is the forgery statute under the Code, i.e., N.J.S.A. 2C:21-1 a.
We next turn to the question of whether the forgery in this case is a third or fourth degree crime. If it is a third degree crime punishable by five years, the determination of the Panel is harmless error. If it is a fourth degree crime punishable by 18 months, defendant is entitled to a reduction of his sentence.
Defendant forged a withdrawal slip. Third degree forgery is a writing which "purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments, certificates or licenses issued by the government, or part of an issue of stock, bonds or other instruments representing interest in or claims against any property or enterprise." (Emphasis supplied). We are satisfied that the withdrawal slip is not part of "an issue" of any of the items or instruments enumerated in N.J.S.A. 2C:21-1 b.
*192 In State v. Ott, 181 N.J. Super. 559 (Law Div. 1981) Judge McGann, in dealing with an interpretation of the grading section of the forgery statute, stated:
... Unless a check or a withdrawal slip constitutes an "issue of money," forgery of a signature on either must fall into the "otherwise" category and be sentenced as a fourth degree crime. It would torture plain meaning to say that "issue of money" is the same as "check." Had the Legislature intended forgery of a signature on a check to be a third degree crime, it could have said so. It did not. [at 561-562]
We agree. Moreover, it is essential that the offense be explicitly delineated. Due process demands that penal statutes be strictly construed. In re DeMarco Suspension, 83 N.J. 25, 36 (1980). Thus, since the forgery of the withdrawal slip is not included in the language defining third degree crimes, it comes under the catchall provision, "otherwise," and is a fourth degree crime. Consequently, defendant is entitled to a reduction in sentence from five years to 18 months on the forgery count. We so order. R. 2:10-3.
Defendant is also entitled to a reduction on count 2, i.e., uttering a forged instrument. The Resentencing Panel held that defendant was not entitled to resentencing on count 2 because his three to five-year sentence was less than the five-year maximum for theft by deception. However, the Panel's position was based on the mistaken belief that the congruent offense for uttering a forged instrument was attempted theft by deception. Our reasoning is the same as the forgery charge. The congruent offense for uttering a forged instrument under N.J.S.A. 2A:109-1 b is uttering a forged instrument under N.J.S.A. 2C:21-1 a(3). Again we reiterate, when determining congruency or equivalency we look to the crime and its constituent elements and not the punishment. In the instant case uttering is a fourth degree crime with a maximum sentence of 18 months. N.J.S.A. 2C:21-1 b; N.J.S.A. 2C:43-6 a(4). Defendant's original sentence on count 2 was three to five years. Therefore, under N.J.S.A. 2C:1-1 d(2) defendant is entitled to resentencing, and pursuant to our authority under R. 2:10-3, the original sentence is vacated and defendant is sentenced to 18 *193 months on count 2. Defendant is entitled to credit for time served on each sentence.
The State argues that defendant has failed to demonstrate good cause. It urges that we must make an additional jurisdictional determination of "good cause" on the appellate level. We disagree. A finding of good cause was made below, and the State has failed to appeal that determination. As an alternative position, the State now seeks to cross-appeal under R. 2:4-4(c) the Panel's finding of good cause. We deem such a request at this time to be unreasonable. Pressler, Current N.J. Court Rules, Comment R. 2:4-4(c) (1982).
The finding of good cause lies in the sound discretion of the Resentencing Panel. State v. Von Graevenitz, 176 N.J. Super. 210 (App.Div. 1980), certif. den. 85 N.J. 495 (1981); State v. McDermott, 175 N.J. Super. 334 (App.Div. 1980), certif. den. 87 N.J. 332 (1981); State v. Epstein, 175 N.J. Super. 93 (Resent. Panel 1980), aff'd 177 N.J. Super. 423 (App.Div. 1981). We find no basis in the record to conclude the finding of good cause by the Resentencing Panel to be an abuse of discretion. State v. Stypulkowski, 176 N.J. Super. 524 (App.Div. 1980), certif. den. 87 N.J. 312 (1981).
Finally, we address defendant's contention that he received an illegal sentence for violation of probation on Indictment 115-76. This allegation was not before the Resentencing Panel; however, as a matter of judicial housekeeping, we will deal with it rather than remand the matter. R. 2:10-3; State v. Laws, 51 N.J. 494, 497 (1968), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968).
On October 12, 1976 a Monmouth County grand jury returned Indictment 115-76 charging defendant with the crime of escape, contrary to the provisions of N.J.S.A. 2A:104-6. After pleading guilty he was sentenced to 364 days in the Monmouth County Correctional Institution, which sentence was suspended except for the 66 days already served. He was placed on probation for a period of two years. Thereafter, on March 16, 1979 defendant *194 pleaded guilty to violating the terms of his probationary sentence. He was resentenced to one to two years consecutive to the sentences on Indictment 216-78.
N.J.S.A. 2A:164-16, although repealed by the Code (N.J.S.A. 2C:98-2) effective September 1, 1979, governed the sentencing judge at the time defendant was resentenced for violation of probation. It provided in pertinent part as follows:
In any sentence involving imprisonment in any county jail ... the court may, as part of the sentence imposed, require the person so sentenced to serve a designated part of such sentence in the jail... and, thereafter, after having been given credit for days remitted, if any, to be released on probation under the care of the chief probation officer of the county.... The chief probation officer thereafter may, at any time within the period of probation fixed in the sentence, return such probationer to the court in which the sentence was pronounced, for violation of any of the conditions of such probation. The court may, upon proof of such violation or violations of any of the conditions of such probation, resentence such person to such jail .. . for the remaining portion of the sentence originally pronounced.
In the instant case defendant was sentenced to a 364-day term in the county institution and given credit for 66 days already served. Consequently, pursuant to N.J.S.A. 2A:164-16, defendant could be sentenced to only the remaining portion of the original sentence, 232 days. In State v. McCue, 148 N.J. Super. 425 (App.Div. 1977), we stated:
... N.J.S.A. 2A:164-16 specifically provides a limitation on the sentence to be imposed for violation of probation where a partially suspended sentence to a county jail, penitentiary or workhouse had been imposed. See State v. Pietrowski, 136 N.J. Super. 383, 387 (App.Div. 1975); State v. Fisher, 115 N.J. Super. 373 (App.Div. 1971).
... [W]hen a split sentence to a county institution has been imposed, with defendant serving some time in jail before probation has commenced, the Legislature provided that a defendant who violates probation may be sentenced for no longer than the "remaining portion of the sentence originally pronounced." See State v. Pietrowski, and State v. Fisher, supra, 115 N.J. Super. at 378 [at 428-429]
Accordingly, the resentence of defendant on Indictment 115-76 is vacated and defendant is resentenced for 232 days consecutive to the sentences imposed on Indictment 216-78.
To recapitulate, pursuant to our authority under R. 2:10-3, we vacate the original sentences and resentence defendant as follows. *195 On count 1 of Indictment 216-78 defendant is sentenced to State Prison for 18 months. On count 2 of Indictment 216-78 defendant is sentenced to State Prison for 18 months, said sentence to run concurrent with the sentence imposed on count 1. The conviction and sentence on count 3 of Indictment 216-78 is vacated. Defendant is to receive credit for all time served.
We vacate the sentence imposed on Indictment 115-76 for violating the terms of his probationary sentence. Defendant is resentenced to the remaining portion of the original sentence, 232 days. The sentence is consecutive to the sentences imposed on Indictment 216-78. Defendant is to receive credit for all time served.
The matter is remanded for entry of modified judgments of conviction. We do not retain jurisdiction.
NOTES
[1] Although the opinion indicates that "good cause" had yet to be determined, the Panel, in fact, made a finding of "good cause" on February 20, 1980, prior to the opinion.
[2] The issue asserted in Point III involves Monmouth County Indictment 115-76. The Resentencing Panel denied the application on the ground that it did not meet the jurisdictional requirements of N.J.S.A. 2C:1-1 d(2). See State v. McDermott, 175 N.J. Super. 334 (App.Div. 1980), certif. den. 87 N.J. 332 (1981). We will deal with the issue of illegality of sentence in this opinion.